RALPH AND JEAN SARCONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RALPH SARCONE, INC. T/A TEKMATIC, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sarcone v. Commissioner
Docket No. 25474-83, 25476-83.
United States Tax Court
T.C. Memo 1985-548; 1985 Tax Ct. Memo LEXIS 83; 50 T.C.M. (CCH) 1358; T.C.M. (RIA) 85548; October 31, 1985. Ralph Sarcone and Jean Sarcone, pro se. Daniel *84 K. O'Brien, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined additions to petitioners' Federal income taxes [1] pursuant to section 6653(b) [2] for the taxable years 1972-1978 as follows: Sarcone
Tekmatic
1972
$689
$310
1973
128
2,182
1974
8,300
18,021
1975
24,832
1976
11,678
1977
1,978
3,211
1978
22,355
Because petitioners filed delinquent returns in 1980 reflecting the correct tax due for the years in issue, no deficiencies are here in issue. Compare sec. 6211(a)(1) with sec. 6653(c)(1). In his answers, respondent asserts as an alternative to the additions to tax under section 6653(b), additions to tax under section 6651(a) (failure to file timely returns) and section 6653(a) (negligence). *85 FINDINGS OF FACT At the time of the filing of the petitions in these cases, Sarcone resided in Warren, New Jersey, and Tekmatic was a corporation with its principal office in Warren, New Jersey. During the years in issue, Tekmatic was a corporation whose principal business was the repair of sensitive industrial gauge panels. Tekmatic was incorporated on May 3, 1972, and, during the years in issue, Sarcone was its president and sole stockholder. Prior to 1972, Sarcone was employed on a full-time basis by Honeywell, Inc., and he and his wife filed income tax returns based on Forms W-2 received from his employer. Sarcone retained an accounting firm to prepare Federal income tax returns for him for taxable years 1972-1974, but such returns were never filed. During the years 1974-1978, Sarcone drew checks on Tekmatic's corporate checking account as follows: Date
Amount
Payee
July 13, 1974
$37,935.80
Ralph Sarcone
Jan. 6, 1975
30,424.32
Queen City Savings & Loan
Jan. 6, 1975
40,000.00
Queen City Savings & Loan
Aug. 23, 1976
35,000.00
Lincoln Federal Savings
Oct. 26, 1978
40,000.00
Lincoln Federal Savings
Each of the checks was deposited *86 into a savings account. Sarcone knew that, during 1974-1978, deposits to savings accounts were EDIC-insured only up to $40,000 per deposit. The 1974 check was deposited into a savings account at Queen City Savings & Loan. Sarcone and/or his wife had savings accounts at Queen City Savings & Loan during 1974 and 1975 and at Lincoln Federal Savings during 1976 and 1978. Until the filing of delinquent returns in 1980, Sarcone did not file Federal income tax returns for himself and his wife, or for Tekmatic, with respect to taxable years 1972-1978. During late 1978, respondent's Criminal Investigation Division commenced an investigation involving Sarcone and Tekmatic with respect to the years 1972-1978. On May 22, 1979, respondent's agents interviewed Sarcone, who told the agents that he was in good health and had never been under the treatment or care of a psychologist or psychatrist. When asked why he had not filed Federal tax returns for himself and Tekmatic for 1972-1978, Sarcone's responses were vague, generally mentioning "personal tragedies" and the like. Sarcone told the agents that he had sufficient funds to pay his personal and corporate income tax liabilities. During *87 the course of the investigation in 1980, the Sarcones and Tekmatic filed delinquent income tax returns for years 1972-1978. On these delinquent returns, petitioners reported the following: [3]
1972
1973
1974
1975
1976
1977
1978
Taxable income
--Sarcones
$7,991
$4,553
$66,972
$124,673 $62,367 $23,812
$107,679 Tax-Sarcones
1,378
256
16,599
49,723 23,343 3,955
44,710 Taxable income
--Tekmatic
3,410
20,186
88,709
(75,228)
(23,803)
31,462
(20,967)
Tax-Tekmatic
619
4,363
36,041
6,422
The following payments were made against the above tax liabilities of the Sarcones prior to the due dates of the returns for the years in question: (a) $1,726 through Federal income tax withheld for 1972 with a resulting overpayment of $348, which was claimed as a credit against the liability shown on their delinquent 1973 return; [4]
(b) $348 as indicated in (a) and $3,300 reported as "paid with Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return" with respect *88 to 1973 with a resulting overpayment of $3,392, which was claimed as a credit against the liability shown on their delinquent 1974 return; [5]
(c) $5,650 through Federal income tax withheld for 1974, $3,392 as indicated in (b) and $33,600 by way of filing of estimated tax returns and paying said amount of estimated tax with a resulting overpayment of $26,043 which was claimed as a credit against the liability shown on the delinquent 1975 return. [6]
On December 9, 1980, an information was *89 filed in the United States District Court, District of New Jersey charging Sarcone with nine counts of violation of section 7203. The information charged that Sarcone "did knowingly and wilfully fail to make" Federal income tax returns with respect to Tekmatic for 1974-1978 and with respect to himself and his wife for 1975-1978. On May 14, 1981, after Sarcone pleaded not guilty, U.S. Magistrate William J. Hunt found Sarcone guilty on all nine counts. OPINION Respondent contends that petitioners are liable for the addition to tax for fraud under section 6653(b) for taxable years 1972-1978, in the case of Sarcone, and for taxable years 1972-1974 and 1977, in the case of Tekmatic. Alternatively, in his answer, respondent contends that those petitioners are, for the same taxable years as those for which fraud is asserted, liable for the additions to tax for delinquency and negligence under sections 6651(a) and 6653(a), respectively. The burden of proving those petitioners' liability for the additions to tax under sec. 6653(b) for fraud is on respondent, and such proof must be by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To meet his burden, respondent must prove *90 by such evidence that a part of an underpayment of tax required to be paid results from specific intent of Sarcone and Tekmatic to evade a tax believed to be owing. . This specific intent may be proved by convincing affirmative indications thereof, such as conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. ; ; . Fraud may never be presumed, , but may be proved by circumstantial evidence and a taxpayer's entire course of conduct. . At trial, respondent affirmatively demonstrated various indicia of fraud: (1) neither Sarcone nor Tekmatic timely filed Federal income tax returns for the years 1972-1978; (2) Sarcone was convicted under section 7203 for willfully failing to file Federal income tax returns for himself and for Tekmatic as to 1975-1978 and *91 1974-1978, respectively; (3) Sarcone did file returns prior to 1972; (4) Sarcone had returns prepared for 1972-1974, but never filed them; (5) Sarcone diverted $183,360.12 from Tekmatic, his wholly owned corporation, to his personal savings accounts during the years 1974-1978; and (6) Sarcone gave no plausible, coherent explanation for his failure to file returns. Sarcone
It is settled that a taxpayer's conviction under section 7203 conclusively establishes the willfulness of that taxpayer's failure to file returns. ; . [7] However, willful failure to file, even if over an extended period of time, does not conclusively establish the fraudulent intent required under section 6653(b). , affg. on this issue a Memorandum Opinion of this Court; ; . [8] Cf. (section 7206(1)). Thus, Sarcone's convictions under *92 section 7203 do not collaterally estop him from denying that his willful failure to file was with fraudulent intent for purposes of section 6653(b); instead, the willful failure to file established thereby, and Sarcone's failure to file for the years not covered by the convictions, are circumstantial evidence of fraud. See ; ; . As to taxable years 1972, 1973 and 1974, the principal evidence supporting respondent's position is Sarcone's failure to file timely individual returns in the context of his having filed returns for previous years. Respondent does not, however, have the benefit of indicia of fraud arising from Sarcone's conviction under section 7203 for such failure to file for those years because such conviction (and the underlying indictment) covered only the years 1975 through 1978. Moreover, there is no evidence of large amounts of *93 unreported income in 1972 or 1973 and, with respect to each of the three years, the amount of the tax liability as shown on the delinquent individual return was more than offset by amounts of income tax withheld or paid on account prior to the due dates of the returns. [9]
We recognize that in computing an underpayment, to which the addition to tax for fraud attaches, the amounts of tax withheld or paid on account of estimated tax are not taken into account, section 6653(c)(1). ; , revg. on other grounds a Memorandum Opinion of this Court; . But this does not necessarily require the conclusion either that such credits cannot be taken into account in determining the existence of fraud or, on the other hand, that the fact that such amounts exceeded the tax ultimately shown to be due precludes any finding of *94 fraud as a matter of law; payment of such amounts on or before the time for filing the return for the year involved is simply one of the various elements to be considered in determining whether, under all the facts and circumstances of a particular case, fraud can be found to exist. See . [10] Cf. , revg. . Based upon the foregoing and taking into account the skimpiness of the record herein, we are satisfied that respondent *95 has not produced clear and convincing evidence of fraud and has therefore failed to carry his burden of proof as to the addition to tax under section 6653(b) for taxable years 1972, 1973 and 1974. On the other hand, we conclude that respondent has made a sufficient case to carry his lesser burden of proof as to the additions to tax for those years under sections 6651(a) and 6653(a) first asserted in respondent's answer (see Rule 142(a)), i.e., a preponderance of the evidence. The testimony of Sarcone in respect of his failure to file timely returns for 1972, 1973 and 1974 was simply insufficient to overcome respondent's prima facie case and, unlike the situation with respect to the higher burden upon respondent to prove fraud, we do not consider the fact that timely payments were made of the taxes ultimately due sufficient to accomplish that result with respect to the additions to tax under section 6651(a) and 6653(a). [11]
*96 With respect to the years 1975-1978, we reach a different conclusion. For these years, not only was there a conviction under section 7203, but there were substantial unreported withdrawals from Tekmatic and, unlike the earlier years, there were no offsetting timely payments bt way of withholding or on account of estimated tax. Thus, we hold that respondent has carried his burden of proof as to the additions to tax for fraud for those years. Tekmatic
Unlike Sarcone, Tekmatic is not collaterally estopped from denying even willful failure to file by virtue of Sarcone's conviction under section 7203. Cf. . Our analysis of the record herein causes us to conclude that respondent has not offered clear and convincing evidence of fraud as to Tekmatic for the years 1972 and 1973; the evidence consists principally of Tekmatic's failure to file returns (absent any conviction therefor either of Tekmatic or of Sarcone with respect to his or Tekmatic's returns) and some indication of an incipient plan by Sarcone to utilize the corporation as an instrument to deprive the Government of the revenue to *97 which it was entitled. On the other hand, we think that the evidence is sufficient to enable respondent to carry his burden of proof for those years under sections 6651(a) and 6653(a). By 1974, however, we think that it is clear that Sarcone was using Tekmatic as an active instrument of concealment. Moreover, Sarcone, who was the president and sole shareholder of Tekmatic, was convicted for failure to file a return for Tekmatic for that year. Additionally, under section 7203, unlike Sarcone's individual tax situation, no part of Tekmatic's tax liability was paid on or before the due date of its return for that year. The same situation obtains with respect to Tekmatic's tax liability for 1977 plus the fact that Sarcone was convicted under section 7203 for his failure to file a return for both Tekmatic and himself. Accordingly, we hold that respondent should prevail as to the addition to tax under section 6653(b) for the taxable years 1974 and 1977. To reflect our disposition of the fraud issue asserted against Sarcone for the years 1972, 1973 and 1974 and against Tekmatic for the years 1972 and 1973, Decisions will be entered under Rule 155.
Footnotes
1. No additions to tax are now asserted against Jean Sarcone, who is a petitioner herein simply by virtue of having filed joint returns (delinquent) with her husband. For convenience, we shall hereinafter refer to petitioner Ralph Sarcone as "Sarcone" and to petitioner Ralph Sarcone, Inc. as "Tekmatic." ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
3. We note that respondent asserts no addition to tax against Tekmatic with respect to 1975, 1976, and 1978.↩
4. The $1,726 is shown as paid on the stipulated delinquent 1972 return and respondent has neither claimed nor proved that it was not paid as indicated. See also infra↩ notes 5 and 6. 5. Although there is no evidence that any such application was actually filed, it seems clear that respondent concedes that the $3,300 was paid during 1973 by virtue of his requested finding of fact to that effect. ↩
6. The $5,650 is shown as paid on the stipulated delinquent 1974 return and respondent has neither claimed nor proved that it was not paid as indicated. It seems clear that respondent concedes that the $33,600 was paid during 1974 by virtue of his requested finding of fact to that effect.↩
7. See also . ↩
8. See also .↩
9. In July 1974, there was a withdrawal of $37,953.80 from Tekmatic, but the amount of such withdrawal was only slightly in excess of the amount of estimated tax paid ($33,600).↩
10. The Third Circuit's reversal of this Court appears to us simply to reflect a difference in view as to the overall impact of the various elements involved in the failure of the Cirillos to file returns for the earlier years involved. In any event, to the extent that the reversal represents the applications of a different legal standard, we would be inclined to defer to the Third Circuit (to which an appeal in this case will lie) in light of , affirmed as to the substantative issue, .↩
11. In reaching this conclusion based upon all the facts and circumstances, we have found it unnecessary to determine the extent to which a conviction under section 7203 collaterally estops a taxpayer from contesting the additions to tax under section 6651(a) or 6653(a). It would appear, however, that Sarcone's conviction under section 7203 might well collaterally estop him from contesting at least the addition to tax under section 6651(a). .↩